IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH YATES | § | |
|     TDCJ-CID #10107223 | § | |
| v. | § | C.A. NO. C-08-244 |
| | § | |
| CORPUS CHRISTI POLICE DEP'T, ET AL. | § | |

## ORDER DISMISSING CERTAIN CLAIMS AND RETAINING CASE

This is a civil rights action filed by a prisoner pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims alleging excessive force against defendants Robert T. Dorsch and J. Neal are retained, as well as his claim against the City of Corpus Christi for failure to train its police officers, and service will be ordered on these defendants. Plaintiff's claims against defendants K. Issacs and M. Gutierrez are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  Based on the plaintiff's consent, (D.E. 13), this case was referred to the undersigned to conduct all further proceedings, including entry of final judgment.  (D.E. 15). See 28 U.S.C. § 636(c).

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff filed this lawsuit on July 23, 2008, complaining about his May 6, 2008 arrest. (D.E. 1).  He named as defendants the Corpus Christi Police Department;[1] Officer Robert T. Dorsch; Officer J. Neal; Officer K. Isaacs; and Officer M. Gutierrez.  Id.  A Spears[2] hearing was conducted on August 19, 2008.  The following allegations were made in plaintiff's original complaint, or at the hearing.

On May 6, 2008, he went to visit a former co-worker in Corpus Christi.  The friend was not home, and as plaintiff walked away from the residence, Officer Dorsch came up from behind him on his right side, grabbed him by the throat, and ordered him to open his mouth and to spit out whatever he had in it.  Officer Dorsch did not identify himself as a police officer.  Plaintiff was frightened and taken by complete surprise.  He alleged that Officer Dorsch is bigger and

---

[1] Plaintiff named the Corpus Christi Police Department as a defendant.  However, as a department of the City of Corpus Christi, it does not enjoy a separate legal existence from the City, and as such, is not a proper party.  Darby v. Pasadena Police Dep't, 939 F.2d 311, 313 (5th Cir. 1991) (administrative departments of a Texas city are generally not capable of being sued).  At the hearing, plaintiff orally moved to substitute in the City of Corpus Christi as the proper party.  See Rideau v. Jefferson County, 899 F. Supp. 298, 301 n.6 (E.D. Tex. 1995).  Thus, Corpus Christi is substituted as the proper party defendant and the Corpus Christi Police Department is dismissed.

[2] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

taller than he.  Officer Dorsch then handcuffed plaintiff with his hands behind his back, spun him around, kicked the back of his knees, causing him to buckle to the ground, face first.  He continued to demand that plaintiff spit out what was in his mouth, but he denied having anything in his mouth.  Officer Neal approached, and, without warning, struck plaintiff in his left thigh with a taser.  Plaintiff told the officers that he did not have anything in his mouth.  Officer Neal continued to taser plaintiff three more times in the leg while he was handcuffed on the ground.  Plaintiff, who has a right bundle branch problem with his heart, believed that he might die.

Next, Officer Dorsch and Officer Neal placed plaintiff in a squad car.  Then Officer Gutierrez and Officer Isaacs arrived at the scene, and received an explanation of what had just happened by Officer Dorsch and Officer Neal.  Plaintiff objected to their rendition of events, stating that they never identified themselves as officers and that there was no probable cause to suspect him of possessing drugs or other contraband to justify the search.  Officer Gutierrez and Officer Isaacs said the stop and search were reasonable.

Plaintiff was charged with resisting arrest and tampering with evidence; however, both charges were dismissed.  At the time of his filing this lawsuit, he remained in the Nueces County Jail on an arrest warrant concerning a violation of his parole in a Florida conviction.

Plaintiff claims that Officer Dorsch and Officer Neal used excessive force against him when Officer Dorsch wrestled him to the ground while handcuffed, and then Officer Neal tasered him.  He asserts that Officer Isaacs and Officer Gutierrez violated his rights by not objecting to the actions by Officer Dorsch and Officer Neal.  He argues that the City of Corpus Christi has a pattern and practice of improperly using the taser, and of not properly training its police officers.  He seeks compensatory damages in an unspecified amount.

### III.  DISCUSSION

**A.     Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

It is well established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); accord Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted).  The complaint must be liberally construed in favor of the prisoner, and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.     Plaintiff Has Asserted A Claim Of Excessive Force As A Pretrial Detainee.**

Plaintiff is a "detained parolee," that is, an individual on parole who was charged with a new crime.  Pretrial detainees have a right not to be punished for a crime that they have not yet been convicted.  Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  Plaintiff "may not be punished prior to an adjudication of guilt in accordance with due process of law."  Bell, 441 U.S. at 535. Moreover, in this case, the charges against plaintiff were dismissed.

For a pretrial detainee, the analysis depends upon whether the claim is classified as a challenge to conditions of confinement, or an "episodic act or omission."  Scott v. Moore, 114 F.3d 51, 53 (5th Cir. 1997) (en banc).  A conditions of confinement case is an attack on "general conditions, practices, rules, or restrictions of pretrial confinement."  Id.  In that instance, a constitutional violation exists only if the condition is not reasonably related to a legitimate,

non-punitive governmental objective.  Id.  In contrast, where the harm is a particular act or omission by one or more officials, the case is characterized as an "episodic act or omission case" that is reviewed under a subjective deliberate indifference standard.  Id. at 54; see also Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999).  Plaintiff's claims against defendants concern an "episodic act or omission" to which a standard of subjective deliberate indifference applies.

The Fifth Circuit has established that "[t]he Fourth Amendment's protection against unreasonable seizures of the person has been applied in causes of action under 42 U.S.C. § 1983 to impose liability on police officers who use excessive force against citizens."  Colston v. Barnhart, 130 F.3d 96, 102 (5th Cir. 1997); accord Ramirez v. Knoulton, __ F.3d __, 2008 WL 3906372, at *2 (5th Cir. Aug. 26, 2008).  "To prevail on an excessive force claim, a plaintiff must establish: '(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" Freeman v. Gore, 483 F.3d 404, 416 (5th Cir. 2007); accord Ballard v. Burton, 444 F.3d 391, 398 (5th Cir. 2006) (citing Graham v. Connor, 490 U.S. 386, 395-97 (1989)).

Taking plaintiff's allegations as true, he has stated a claim of excessive force against Officer Dorsch and Officer Neal.  According to plaintiff, Officer Dorsch confronted him without warning, handcuffed him behind his back, took him down to the ground, and kneeled on his back, all while shouting at him to spit out from his mouth nonexistent contraband.  Furthermore, although Officer Dorsch is taller and heavier than plaintiff who was handcuffed and on the ground, Officer Neal joined Officer Dorsch and tasered plaintiff in the leg four times.  For purposes of § 1915A, plaintiff has stated a claim against Officer Dorsch and Officer Neal.

As to Officer Isaacs and Officer Gutierrez, however, plaintiff's complaint is that, after he was secured in the squad car and these officers heard of the events, they simply agreed that the force was necessary. Plaintiff does not claim that either of these officers actually took part in any force, nor does he suggest that they were in any position to prevent the force from occurring beforehand. To state a cause of action pursuant to § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation, or whose acts are causally connected to the constitutional violation alleged. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

Here, plaintiff's only allegations against Officer Isaacs and Officer Gutierrez are that they agreed the amount of force was necessary. Their opinions on this matter do not constitute constitutional violations. Thus, plaintiff fails to state a claim against either Officer Isaacs or Officer Gutierrez, and his claims against those officers are dismissed.

**C.      Plaintiff Has Asserted A Claim Of Municipal Liability.**

As a unit of local government, the City of Corpus Christi cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees of its police department on a theory of *respondeat superior*. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). A municipality such as Corpus Christi is only liable pursuant to § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. Id. at 694. Thus, in addition to the underlying claim of a violation of rights, a § 1983 municipal liability requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted), cert. denied, 547 U.S. 1130 (2006).

Plaintiff testified that Corpus Christi has a policy of over-using the taser, and that it improperly trains its police officers such that they fail to identify themselves and overuse their tasers.  These allegations are sufficient for surviving § 1915A screening.  Accordingly, service will be ordered on the City of Corpus Christi.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's excessive force claims against Officer Robert T. Dorsch and Officer J. Neal are retained, and service will be ordered on these officers.  In addition, plaintiff's claims against the City of Corpus Christi alleging failure to train and improper taser policy are retained, and service will be ordered on this defendant.  Plaintiff's claims against Officer K. Isaacs and Officer M. Gutierrez are dismissed with prejudice for failure to state a claim.  28 U.S.C. § § 1915(e)(2)(B), 1915A(b)(1).

ORDERED this 8th day of September 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE